# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.G.P., | Case No. 1:22-cv-01066-ADA-BAK |
| Plaintiff, | ORDER GRANTING MOTION TO APPOINT CLARISSA PARKS AS GUARDIAN AD LITEM FOR S.G.P. |
| v. | |
| TEHACHAPI UNIFIED SCHOOL DISTRICT, | ORDER VACATING OCTOBER 4, 2022 HEARING |
| Defendant. | (ECF No. 6) |

On August 22, 2022, Plaintiff instituted this action by filing a petition for a minor's compromise of "claims arising under the Individuals with Disabilities Education Act ("IDEA"), the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and any other known or unknown claims arising out of Plaintiff's educational program." (ECF No. 1 at 2.) On August 24, 2022, Plaintiff filed a motion for the appointment of Clarissa Parks as guardian ad litem. (ECF No. 6.) Plaintiff set the matter for hearing for October 4, 2022, before District Judge Dale A. Drozd in Courtroom 5. (Id.) On August 24, 2022, this action was reassigned from Judge Drozd to District Judge Ana de Alba. (ECF No. 7.)

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. U.S. v. 30.64 Acres of Land, More or Less,

1  Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).  The appointment
2  of the guardian ad litem is more than a mere formality.  Id.  "A guardian ad litem is authorized to
3  act on behalf of his ward and may make all appropriate decisions in the course of specific
4  litigation."  Id.  A guardian ad litem need not possess any special qualifications, but he must "be
5  truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  AT&T
6  Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015).  This means that the
7  guardian ad litem cannot face an impermissible conflict of interest with the ward and courts
8  consider the candidate's "experience, objectivity, and expertise" or previous relationship with the
9  ward.  Id. (citations omitted).

10  "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests
11  of each are the same, no need exists for someone other than the parent to represent the child's
12  interests under Rule 17(c)."  Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212
13  F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed as a guardian ad litem, there
14  are situations where the best interests of the minor and the interests of the parent conflict.
15  Anthem Life Ins. Co. v. Olguin, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2
16  (E.D. Cal. May 9, 2007).  Therefore, a parent is not entitled as a matter of right to act as guardian
17  ad litem for the child.  Id., at *2.

18  The motion references a declaration of Plaintiff's mother, Clarissa Parks, which was filed
19  with the original petition.  (Decl. Clarissa Parks ("Parks Decl."), ECF No. 1-2.)  Ms. Parks
20  declares that S.G.P. does not have a general guardian and no previous motion for the
21  appointment of guardian ad litem has been filed in this matter.  (Parks Decl. ¶ 8.)  Ms. Parks
22  declares that she is competent and responsible; is fully capable of understanding and protecting
23  S.G.P.'s rights and best interests in this case; that she has no personal interests that are adverse;
24  and is not aware of any potential conflict of interest.  (Parks Decl. ¶ 9.)  Ms. Parks states that she
25  is willing and able and hereby consents to serve as S.G.P's guardian ad litem, and that she will
26  attend all curt hearings and intends to be actively involved in the litigation.  (Parks Decl. ¶ 10.)

27  The Court has considered the Plaintiff's motion and the declaration of Clarissa Parks in
28  consideration of whether to appoint her as guardian ad litem for S.G.P., and finds that no conflict

that would preclude her serving as a guardian ad litem for S.G.P.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to appoint guardian ad litem is GRANTED;
2. Clarissa Parks is appointed guardian ad litem for minor S.G.P.; and
3. The hearing on Plaintiff's motion for guardian ad litem set for October 4, 2022, in Courtroom 5, is VACATED.

IT IS SO ORDERED.

Dated:   **August 24, 2022**

UNITED STATES MAGISTRATE JUDGE